IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THOMAS L. EXLEY; THOMAS L. )
EXLEY, JR.; SOUTH EFFINGHAM )
SAND, LLC; and T&T EXLEY, )
LLC; )
    )
    Plaintiffs, )
    )
v. ) CASE NO. CV414-077
    )
NEW SAVANNAH, LLC; ISTAR )
FINANCIAL, INC.; and SFI )
SAVANNAH COMMERCIAL, LLC; )
    )
    Defendants. )
    )

## ORDER

Defendants iStar Financial, Inc. and SFI Savannah Commercial, LLC removed this case from the Superior Court of Effingham County, Georgia. (Doc. 1.) These Defendants base their removal on this Court's diversity jurisdiction. (Id.) However, the Notice of Removal is insufficient to establish complete diversity between the parties.

The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity between the parties. See 28 U.S.C. § 1332; Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding

invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of an LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022.

In this case, the Notice of Removal does not include a list of the individual members, along with their citizenship, of Defendant New Savannah, LLC. Rather, the notice simply advances the general conclusion that neither Defendant New Savannah nor any of its members are citizens of Georgia. (Doc. 1 ¶ 9.) Such general allegations, however, are insufficient for the removing Defendants to carry their burden of establishing complete diversity between the parties. See Ray, 519 F.2d at 1082.

Accordingly, Defendants are **DIRECTED** to file an Amended Notice of Removal within **fourteen days** from the date of this order. The Amended Notice should properly include the

---

precedent all decisions of the former Fifth Circuit handed down

citizenship of each party to this case, specifically the names and citizenships of each member of every limited liability company that is a party to this case.

In addition, the Court notes that Defendants iStar Financial and SFI Savannah Commercial state in their Notice of Removal that "[a]ll Defendants, including Defendant New Savannah, LLC ('New Savannah'), who is represented by counsel other than undersigned counsel, have expressed their consent to removal under this Notice." (Doc. 1 ¶ 3.) However, the Notice of Removal is not signed by counsel for Defendant New Savannah, nor has Defendant New Savannah affirmatively placed in the record any express consent to the removal. While the time for Defendant New Savannah to consent has not expired, the Court identifies this deficiency and reminds the parties that this Court has previously held such a failure renders the removal improper and requires that the case be remanded. See Scruggs v. Int'l Paper Co., 4:11-cv-203 (S.D. Ga. Sep. 28, 2012).

SO ORDERED this 14th day of April 2014.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

prior to October 1, 1981.